**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2998-16T2

KAREN M. MILCARSKY,

     Plaintiff-Respondent/
     Cross-Appellant,

v.

MARK V. MILCARSKY,

     Defendant-Appellant/
     Cross-Respondent.

---

Submitted July 9, 2018 — Decided July 20, 2018

Before Judges Carroll and Rose.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Atlantic
County, Docket No. FM-01-0344-16.

Young, Marr & Associates, LLC, attorneys for
appellant/cross-respondent (Gail N. Marr, on
the brief).

Richard I. Goldstein, attorney for
respondent/cross-appellant.

PER CURIAM

    Defendant Mark V. Milcarsky appeals a February 3, 2017

judgment of divorce after a trial in the Family Part, specifically

challenging his alimony obligation and the equitable distribution of his pension. Plaintiff Karen M. Milcarsky cross-appeals, arguing that the alimony award is insufficient to maintain the marital lifestyle. Having carefully considered the parties' contentions in light of the applicable law, we affirm substantially for the reasons set forth in the trial judge's thorough oral and written opinions.

We discern the following facts from the record. The parties were married in October 1995, and separated in 2004; however, plaintiff did not file her complaint for divorce until November 2015. No children were born of the marriage.

On June 24, 2016, the trial court ordered defendant to pay plaintiff $250 per week in pendente lite support. The court thereafter conducted a trial on October 25, 2016, and November 16, 2016, hearing testimony from the parties about their marital history, their work and earnings history, the assets they acquired, and their standard of living during the marriage. After considering the testimony of the parties and making credibility findings, Judge Nancy L. Ridgway rendered an oral decision on January 11, 2017, supplemented by a comprehensive written opinion on February 10, 2017.

Notably, Judge Ridgway found as follows. During the marriage, defendant was the primary wage earner and plaintiff primarily was

a homemaker who cared for her children from a prior marriage. The parties purchased a marital home and lived together as a family with plaintiff's children. In 2002, plaintiff was diagnosed with serious and chronic medical conditions.

After the parties separated in June 2004, they agreed to sell the marital home and divide its contents and the sale proceeds. Following the separation, defendant paid the balance of the loan on plaintiff's 2003 Jeep and the rent and security deposit on her new apartment. Also, for a period of time, defendant covered plaintiff under his health insurance and contributed $200 per month for her prescription costs.

The trial focused on two issues: the equitable distribution of defendant's 401(k) account and plaintiff's claim for alimony. On the issue of equitable distribution, Judge Ridgway rejected defendant's contention that the marriage was factually and legally "dead" when the parties separated in June 2004, and that all property acquired thereafter should not be subject to equitable distribution. Instead, the judge accepted plaintiff's argument under Brandenburg v. Brandenburg, 83 N.J. 198 (1980), that the date of the filing of the complaint for divorce is the controlling date with regard to the parties' respective rights concerning equitable distribution.

The judge found "very credible . . . [d]efendant's desire and intent to do right by providing for [p]laintiff and her family." Nonetheless, the judge rejected defendant's assertion that a notebook containing his handwritten entries and "scribbles" constituted a qualifying separation agreement that would fix the termination date of the parties' marriage for purposes of equitable distribution. Rather, the judge found "[p]laintiff credibly testified that she did not recall the notebook being involved in, or being a memorialization of, an agreement to separate. To the contrary, in her testimony [p]laintiff credibly maintained that she was plainly adverse to signing the agreement." Similarly, the judge determined that the notebook, testimony, and other evidence were "[in]sufficient to establish that a clear oral agreement accompanied the parties' separation here."

Relying on Brandenburg, 83 N.J. at 209, Judge Ridgway noted that "physical separation and the payment of support does not equate to a clear termination of a marital relationship." The judge elaborated:

> Unless the parties' agreement divided all significant assets, or alternatively contained a knowing and voluntary waiver of the right to the division of a significant asset, it will be insufficient to terminate the marital relationship. Because the 401(k) remains at issue here, a significant marital asset has not been divided in equitable distribution. Thus, the separation of the

parties in this case cannot mark the end of [marital] property acquisition.

The judge also found enforcement of the purported agreement for defendant to provide plaintiff $200 per month "would be unconscionable." The judge found such "amount of support is too low to be considered fair or equitable. That is, $200 per month was an insufficient amount of support to meet [p]laintiff's need[s] at the time of separation, and . . . to cover her expenses at the current time."

These findings did not, however, end the court's analysis regarding the equitable distribution of defendant's 401(k) account. Judge Ridgway further found

> quite significant the fact that [p]laintiff voluntarily failed to make <u>any</u> marital contribution, economic, noneconomic or otherwise, to the accumulation of the value of [d]efendant's 401(k) after the separation. Here, following their separation in June 2004, . . . [d]efendant enjoyed no benefit from . . . [p]laintiff contributing to the marital enterprise as a homemaker as he previously would have when the parties lived together. While her contributions to the marriage during the parties' time together is valid, the subsequent absence of [p]laintiff's participation in the marital enterprise justifies a significant disparity in the respective value of the 401(k) distributed to each spouse in this case. On this record, a finding that . . . [p]laintiff is entitled to an award for half of the full present value of [d]efendant's 401(k) would be patently inequitable.

A-2998-16T2

Consequently, the court finds that, of the twenty-year and one-month marriage (241 months), [p]laintiff made a significant marital contribution for eight years and eight months (104 months). In other words, [p]laintiff actively contributed during only 43% of the acquisition of the marital portion of . . . [d]efendant's 401 (k).

. . . .

Accordingly, the court finds [p]laintiff is appropriately entitled to half of the relevant 43% of the asset. Therefore, [p]laintiff is entitled to 21.5% of the marital portion of . . . [d]efendant's 401(k) account, measured from the date of the marriage to the date of the complaint and adjusted for the increase or decrease in value during that time.

Regarding alimony, Judge Ridgway found credible plaintiff's undisputed testimony that "she is disabled and unable to earn income aside from [her] approximate net disability income of $600 per month," which renders plaintiff "largely unable to accommodate her need of $2600 per month." The judge found, "[o]n the other hand, [d]efendant earns a substantial income . . . in excess of $155,000 in the past tax year." These earnings allow defendant to meet his expenses of $6325 per month, exclusive of "the unknown second income brought into [d]efendant's household by his current significant other." The judge determined the parties' twenty-year marriage qualified plaintiff to receive open durational alimony. After carefully considering the factors set forth in N.J.S.A.

2A:34-23(b), the judge ordered defendant to pay plaintiff $250 per week as open durational alimony, with such amount to increase to $500 per week in the event plaintiff obtained her own apartment.

The scope of appellate review of trials in the Family Part is particularly limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citation omitted). "Because a trial court 'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Id. at 412 (citations omitted) (alteration in original). We accord particular deference to the judge's factfinding because of "the family courts' special jurisdiction and expertise in family matters." Id. at 413.

However, when "the focus of the dispute is . . . alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom, the traditional scope of review is expanded." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citations omitted). "Still, even in those circumstances we will accord deference unless the trial court's findings 'went so wide of the mark that a mistake must have been made.'" Ibid. (citations omitted).

A-2998-16T2

"A Family Part judge has broad discretion in setting an alimony award and in allocating assets subject to equitable distribution." Clark v. Clark, 429 N.J. Super. 61, 71 (App. Div. 2012) (citation omitted). "Of course, [as to alimony] the exercise of this discretion is not limitless[,]" and is "frame[d]" by the statutory factors set forth in N.J.S.A. 2A:34-23(b). Steneken v. Steneken, 367 N.J. Super. 427, 434 (App. Div. 2004). Regarding equitable distribution, the statutory factors enumerated in N.J.S.A. 2A:34-23.1, "used in concert with the facts of each case," inform the otherwise "broad discretion" accorded the trial judge. Id. at 434-35.

In his appeal, defendant essentially contends the trial court erred in concluding that the duration of the marriage for equitable distribution and alimony purposes was twenty years and one month, that there was no agreement reached by the parties at the time of separation that addressed all their assets and alimony, and by awarding plaintiff open durational alimony and a share of his 401(k) account. For her part, plaintiff maintains the court properly determined the date of the filing of the complaint was the proper date to use in establishing alimony and equitable distribution, and correctly awarded her open durational alimony. However, in her cross-appeal, plaintiff contends the amount of

alimony was insufficient to allow her to maintain the marital lifestyle.

We conclude that the parties' respective claims of error regarding the equitable distribution award and the amount and duration of alimony, in light of the record, reveal nothing "so wide of the mark" that a clear mistake was made that warrants our intervention. We affirm substantially for the reasons expressed in Judge Ridgway's thoughtful oral and written opinions. We add only the following limited comments.

As Judge Ridgway aptly noted, the Supreme Court held in Brandenburg that absent evidence of a written agreement, or a complete division of the marital assets pursuant to an oral agreement, the trial court should use the date the divorce complaint was filed as the date the marriage ended. 83 N.J. at 209. Here, neither of those exceptions is present. Therefore, the applicable date for purposes of equitable distribution was November 4, 2015, the date plaintiff filed for divorce, not June 24, 2004, the date the parties separated.

Applying the statutory factors of N.J.S.A. 2A:34-23(b) to the record, we conclude plaintiff was entitled to alimony. Defendant's income from his employment was significantly higher than plaintiff's disability income. As noted, the parties were

married in October 1995, and the complaint for divorce was not filed until November 2015. Therefore, the parties were married for over twenty years, which qualified plaintiff for an award of open durational alimony. N.J.S.A. 2A:34-23(b). We find no abuse of discretion in the manner the trial court applied the statutory factors and reached its conclusion.

Finally, we find no merit in plaintiff's cross-appeal with regard to the amount of alimony awarded. Noting the parties' lengthy separation, Judge Ridgway correctly found defendant "should not be obligated to maintain the marital standing of living because it has not been the status quo for either party for some time."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2998-16T2